IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DILLON D SUMMERLIN,

Plaintiff,

v. Case No. 3:26-cv-00186-jdp

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

ORDER ON THE PARTIES' JOINT MOTION FOR REMAND FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

---

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and in light of the parties' joint motion to remand this action, this Court now, upon review, hereby enters a judgment under sentence four of 42 U.S.C. § 405(g) reversing the Commissioner's decision with a remand of the cause to the Commissioner according to the following terms. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991).

Upon receipt of this Court's order, the Appeals Council will remand the matter to an Administrative Law Judge (ALJ). On remand, the ALJ should give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in

support of assessed limitations (Social Security Ruling 96-8p). In so doing, the ALJ should evaluate the medical source opinions and/or prior administrative medical findings pursuant to the provisions of 20 C.F.R. § 404.1520c. The ALJ should offer the claimant the opportunity for a hearing, take further action to complete the administrative record resolving the above issues, and issue a new decision.

Dated this 1ST day of OCTOBER, 2026.

James D. Peterson

JAMES D. PETERSON
Chief United States District Judge